HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

               Plaintiff,

      v.

U.S. BANCORP, et al.,

               Defendants.

CASE NO. C11-02010 RAJ

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA

**INTRODUCTION**

This matter comes before the court on non-party Christopher Heman and defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants" or "U.S. Bank")[1] motion for a protective order re AT&T subpoena.  Dkt. # 49.  Plaintiffs Derrick Johnson and Amy Johnson ("Plaintiffs") oppose the motion.  Dkt. # 50.

Having reviewed the memoranda, exhibits, and the record herein, the court GRANTS in part and DENIES in part Defendants' motion for protective order.[2]

---

[1] For ease of use, the court will refer to the moving parties collectively as "Defendants," even though Mr. Heman is a non-party.

[2] Defendants request that the court strike the "hearsay statements" contained in Plaintiffs' briefing at "Dkt. 50, 3:9-18; 4:5-5:2; Dkt. 51, ¶¶ 4, 9 and 10 and Ex. 5, ¶ 2."  Dkt. # 52 at 4 n.1.

**BACKGROUND**

1

2      In August 2007, U.S. Bank fired Mr. Johnson.  Dkt. # 40 (AC) ¶ 3.3.  He

3  subsequently filed a claim with the Occupational Health and Safety Administration

4  ("OSHA") of the United States Department of Labor ("DOL").  *Id.*  In his OSHA

5  complaint, Mr. Johnson alleged that his termination from U.S. Bank was unlawful under

6  the whistleblower provisions of SOX, 18 U.S.C. § 1514A ("administrative case").  Dkt.

7  ## 40 ¶ 3.3; 43-1 (Ex. A to RJN).

8      In April 2008, Mr. Johnson began employment with KeyBank.  Dkt. # 40 ¶ 4.2.

9      On May 7, 2010, OSHA notified U.S. Bank that it intended to enter findings

10 favorable to Mr. Johnson in the administrative case,[3] and on May 13, 2010, Plaintiffs

11 filed a lawsuit against U.S. Bank that was ultimately removed to federal district court

12 ("*Johnson I*").[4]  Dkt. ## 40-2; 40 ¶ 3.3.

13     In May 2010, Mr. Johnson was called into a meeting with several KeyBank

14 employees.  Dkt. # 40 ¶ 4.3.  At that meeting, the employees confronted Mr. Johnson

15

16 ───────────────────────────────

The court is not deciding a motion for summary judgment.  The court may consider hearsay on a

17 motion for protective order.  *See Becker v. Precor, Inc.*, Case No. C08-1755-RAJ, 2009 WL
   3013656, at * 3 n.1 (W.D. Wash. Sept. 16, 2009); *Costanich v. Dep't of Soc. & Health Svcs.*,

18 Case No. C05-0090-MJP, 2007 WL 3356774, at *1 (W.D. Wash. Nov. 7, 2007).  The court
   therefore declines to strike these portions of Plaintiffs' briefing.

19     Defendants also ask that the court strike exhibit 4 of Plaintiffs' response, explaining that
   the document contained therein was filed under seal and remains sealed pursuant to a protective

20 order in *Johnson et al. v. U.S. Bancorp et al.*, Case No. C10-960-RSM (*Johnson I*).  Dkt. # 52 at

21 4 n.1.  The court DENIES Defendants' request to strike this exhibit. If Defendants wish for this
   document to be sealed in the current case, they must file a motion to seal pursuant to Local Rules

22 W.D. Wash. CR ("LCR") 5(g).
   [3] Defendants appealed OSHA's ruling, and a hearing was held before a DOL

23 administrative law judge ("ALJ") on April 30 through May 12, 2012.  On October 29, 2012, the
   ALJ issued a decision and order in favor of Mr. Johnson.  *In re: Derrick Johnson v. U.S.*

24 *Bankorp[sic] et al.*, Case No. 2010-SOX-00037, *available at* http://www.oalj.dol.gov/.
   [4] On July 15, 2011, Judge Martinez granted U.S. Bank's motion to dismiss.  *Johnson I*,

25 Case No. C10-960-RSM, Dkt. # 126.  The Ninth Circuit Court of Appeals affirmed the dismissal

26 with prejudice on August 21, 2012.  *Johnson et al. v. U.S. Bancorp et al.*, 476 Fed. Appx. 148
   (9th Cir. 2012) (unpub.).

27

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA- 2

1  regarding an anonymous complaint that had been lodged against him. *Id.*  According to

2  Mr. Johnson, "[t]he KeyBank employees indicated that they had information that Plaintiff

3  Johnson was targeting elderly bank customers . . . .  During the questioning, KeyBank

4  employees asked Plaintiff Johnson about a previous customer of US Bank named

5  'Robert,' alleging that the 'anonymous complainant' indicated that Plaintiff Johnson had

6  unlawfully taken money from and abused his relationship with this client." *Id.*  KeyBank

7  would not disclose who had made the allegations. *Id.* ¶ 4.4.  Mr. Johnson asserts that

8  these allegations were false, but that he was nevertheless "repeatedly targeted, harassed

9  and retaliated against by KeyBank personnel" over the next few months. *Id.* ¶¶ 4.4-4.5.

10       On September 27, 2010, during a deposition in the administrative case, U.S.

11  Bank's attorneys presented Mr. Johnson with an unsigned document dated January 2,

12  2008. *Id.* ¶ 4.6.  The document contained allegations regarding Mr. Johnson's

13  mistreatment of an elderly U.S. Bank client named "Robert"—the same allegations that

14  KeyBank employees confronted Mr. Johnson with four months earlier. *Id.*

15       Plaintiffs filed the instant case on December 5, 2011.  Dkt. # 1.  On September 24,

16  2012, Plaintiffs' counsel issued a subpoena to AT&T requesting all of Mr. Heman's

17  telephone records (incoming and outgoing calls) from January 1, 2007, through the

18  present.  Dkt. # 49-1 at 6.  The subpoena indicated that the records were to be produced

19  by October 3, 2012. *Id.*

## ANALYSIS

21  **A.   Standing**

22       Plaintiffs argue that Defendants have no standing to bring this motion on behalf of

23  Mr. Heman, and that Defendants may seek to quash the subpoena issued to Mr. Heman

24  only if U.S. Bank "asserts a legitimate privacy interest" in the cell phone records.  Dkt.

25  # 50 at 7 (citing *Abu v. Piramco Sea-Tac Inc.*, Case No. C08-1167-RSL, 2009 WL

26  279036, at *1 (W.D. Wash. Feb. 5, 2009)).

27

1    Although Defendants refer to Mr. Heman as a "non-party" in the caption of their

2  motion, they go on to argue with regard to Mr. Heman that "a party has standing when he

3  asserts a legitimate privacy interest in the material sought by a subpoena."  Dkt. # 52 at 2.

4  However, Defendants further argue that U.S. Bank itself has standing due to the fact that

5  Mr. Heman is an officer of U.S. Bank and used his personal cell phone for U.S. Bank

6  business calls, and therefore "U.S. Bank . . . has standing to protect its own confidential

7  business information that may be revealed through disclosure of Mr. Heman's business

8  phone calls."  *Id.*

9    A party has standing to challenge a subpoena issued to third parties where its own

10  interests may be implicated.  *See, e.g.*, *Koh v. S.C. Johnson & Son, Inc.*, Case No. C09-

11  00927-RMW, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011); *Adams v. United States*,

12  Case No. C03-0049-E-BLW, 2010 WL 55550, at *3 (D. Idaho Jan. 5, 2010).  The court

13  finds that because Mr. Heman is an officer of U.S. Bank, and because U.S. Bank's own

14  privacy interests may be implicated, Defendants have standing to bring this motion.

15  **B.    Meet and Confer Requirement**

16    On August 21, 2012, counsel for Plaintiffs and Defendants met and conferred via

17  telephone regarding a prior subpoena for cell phone records that Plaintiffs' counsel

18  served on T-Mobile.  Dkt. # 49 at 5.  At that time defense counsel indicated that she

19  objected to the subpoena on the grounds that it would invade the privacy of Mr. Heman

20  and others.  Dkt. # 49-1 at 2 ¶ 3.  However, defense counsel subsequently determined that

21  Mr. Heman did not have an account with T-Mobile and thus did not file a motion for a

22  protective order.  Dkt. # 49 at 6.

23    Plaintiffs then issued a subpoena to AT&T with a production date of October 3,

24  2012.  Dkt. # 49-1 at 6.  On September 30, 2012, counsel for Defendants sent counsel for

25  Plaintiffs an email asking to meet and confer regarding the AT&T subpoena.  *Id.* at 23.

26  Alternatively, counsel requested that the response date be continued if Plaintiffs' counsel

27

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA- 4

1   was not available to speak prior to the production date. *Id.* Counsel for Plaintiffs did not

2   respond,[5] and Defendants filed this motion on October 2, 2012. *Id.* at 3 ¶ 6.

3   **C.   Legal Standard**

4   　　　The Federal Rules of Civil Procedure allow for broad discovery. *See* Fed. R. Civ.

5   P. 26(b)(1); *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "[W]ide access to

6   relevant facts serves the integrity and fairness of the judicial process by promoting the

7   search for the truth." *Shoen*, 5 F.3d at 1292. However, discovery should not be used as a

8   means to conduct a "fishing expedition," and must be "reasonably calculated to lead to

9   the discovery of admissible evidence." *Rivera et al. v. Nibco, Inc.*, 364 F.3d 1057, 1072

10  (9th Cir. 2004) (citation omitted); Fed. R. Civ. P. 26(b)(1). District courts have a great

11  deal of discretion in controlling the discovery process. *See Empire Blue Cross & Blue*

12  *Shield et al. v. Janet Greeson's A Place for Us Inc. et al.*, 62 F.3d 1217, 1219 (9th Cir.

13  1995). A court may "issue an order to protect a party or person from annoyance,

14  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

15  However, the party seeking such order must demonstrate good cause as to why the order

16  should be granted, specifying the particularized prejudice or harm that will result if it is

17  not. *See id.*; *Phillips v. General Motors Co.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

18  **D.   Legitimate Purpose**

19  　　　Defendants argue that the time scope of the AT&T subpoena is overly broad and

20  "confirms that Plaintiffs have not even tried to tether it to the allegations in the Amended

21  Complaint." Dkt. # 49 at 8. Defendants point out that U.S. Bank terminated Mr.

22  _____

23  　　　[5] Plaintiffs' counsel uses her surreply to argue that she "saw no reason to have a second
discussion as we had already conferred and there was no difference in the information
requested." Dkt. # 54 at 2. The court first notes that this is an improper use of the surreply—

24  argument is to be limited solely to the issue of Defendants' motion to strike. LCR 7(g)(2).
Furthermore, this is an insufficient excuse for failing to comply with meet and confer

25  requirement. Future violations of this rule will result in sanctions. *See* LCR 26(c)(1) ("If the

26  court finds that counsel for any party . . . willfully refuses to confer, fails to confer in good faith,
or fails to respond on a timely basis to a request to confer, the court may take action as stated in

27  LCR 11 [of the Local Civil Rules]."

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA- 5

1  Johnson's employment in August 2007, Rachael Johnson wrote her letter in 2008, Mr.

2  Johnson began his employment at KeyBank in April 2008, the alleged retaliation against

3  Mr. Johnson began in May 2010, and Mr. Johnson resigned from KeyBank in October

4  2010. *Id.* at 9. Defendants argue that because Plaintiffs' lawsuit alleges causes of action

5  occurring while Mr. Johnson was employed by KeyBank, any cell phone records outside

6  of the time period of his employment are neither "directly relevant" nor "reasonably

7  calculated to lead to the discovery of admissible evidence." *Id.* at 8-9 (citing Fed. R. Civ.

8  P. 26([b])(1)).

9        Plaintiffs contend that they are seeking the cell phone records both "to show

10 contact between Mr. Heman and KeyBank," and "to find other evidence relating to Mr.

11 Heman's motives, animus intent and for impeachment purposes." Dkt. # 51 ¶ 13.

12 Plaintiffs argue that "Mr. Heman's intentions and animus toward Mr. Johnson are

13 relevant not only in relation to the time frame of the KeyBank incidents but those that

14 occurred prior as well." Dkt. # 50 at 9. They further argue that "[w]ho [Mr. Heman]

15 contacted" between January 2007 until the present is relevant because "it can be used for

16 impeachment purposes" and "likely . . . goes to [his] state of mind." *Id.* at 8. Plaintiffs

17 concede, however, that they have "no means of obtaining the content of his

18 conversations." *Id.* at 9.

19       The court finds that the relevant timeframe during which Mr. Heman allegedly

20 contacted KeyBank is April 2008 through October 2010, when Mr. Johnson was

21 employed by KeyBank. Plaintiffs' request for Mr. Heman's cell phone records during

22 this time period is "reasonably calculated" to lead to the discovery of this evidence.

23 Conversely, the court finds that Plaintiffs have failed to adequately articulate the

24 relevance of Mr. Heman's cell phone records beyond this timeframe.

25 **E.   Right to Privacy**

26       Defendants argue that Mr. Heman "is entitled to a constitutional right of privacy,"

27 and cite article I, section 7 of the Washington constitution. Dkt. # 49 at 8. Defendants

1   cite no further authority supporting their argument that this constitutional provision

2   applies in this particular situation.  *Id.*  Defendants further argue that production of the

3   cell phone records will result in "embarrassment and harassment" to Mr. Heman and his

4   "friends, family members, [and] business acquaintances."  *Id.*; Dkt. # 49-2 ¶ 4.

5   Defendants express particular concern about disclosure of the phone numbers of Mr.

6   Heman's personal friends, children, and medical providers, and request that they "be

7   permitted to redact all personal telephone numbers" if this court denies their motion in

8   whole or in part.  Dkt. # 49 at 8, 11; Dkt. # 49-2 ¶ 3.

9          Under the Federal Rules of Civil Procedure, "there is no generic 'privacy'

10  privilege."  *Tubar v. Clift*, Case No. C05-1154-JCC, 2007 WL 214260, at *3 (W.D.

11  Wash. Jan. 25, 2007) (citing Fed. R. Civ. P. 26(c)).  However, this district has assumed

12  without deciding that "there could be some privacy interest cognizable under federal law"

13  with regard to phone records, and has found that "any applicable privacy interests can be

14  protected by limiting" both the scope of the records disclosed and "access to the

15  information therein."  *Id.* at *3-4.

16         The court finds that in addition to limiting the time scope of the records as

17  discussed above, it is also appropriate to limit the scope of how they may be used.

18  Plaintiffs may use the records solely for the purpose of identifying the names associated

19  with the telephone numbers, as explained in Plaintiffs' response brief.  Dkt. # 50 at 6.

20  *Plaintiffs and anyone associated with Plaintiffs may not call any of the telephone*

21  *numbers*.  Additionally, the parties are ORDERED to enter a protective order pursuant to

22  LCR 26(c) limiting disclosure of the phone records to counsel and persons necessary for

23  and associated with this litigation.

24  **F.   Other Means of Obtaining Information**

25         Defendants argue that even if the information contained within Mr. Heman's cell

26  phone records is relevant, it can be obtained through other, less burdensome means. Dkt.

27  # 49 at 10.  Defendants argue that Plaintiffs have deposed Mr. Heman in previous

1   litigation and will likely do so again in this case, and thus Plaintiffs will have the

2   opportunity to ask him questions regarding his contacts with KeyBank employees. *Id.*

3   They further argue that the burden of this discovery outweighs the benefit, "considering

4   the needs of the case and the importance of the discovery in resolving the issues." *Id.*

5   (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

6         The court is not persuaded that a deposition is an adequate substitute for the

7   relevant phone records sought by Plaintiffs, nor that producing the phone records will be

8   unduly burdensome on Defendants or on AT&T, the producing entity.  "[T]he discovery

9   of phone records is commonplace in litigation . . . ." *Perez-Farias et al. v. Global*

10   *Horizons, Inc. et al.*, Case No. C-05-3061-MWL, 2007 WL 991747, at *3 (E.D. Wash.

11   Mar. 30, 2007).

12                                   **CONCLUSION**

13         For all of the foregoing reasons, the court GRANTS in part and DENIES in part

14   Defendants' motion as follows:

15         (1)  Defendants' motion is GRANTED with regard to the AT&T subpoena for Mr.

16   Heman's cell phone records from January 1, 2007, through March 31, 2008, and

17   November 1, 2010, through the present.

18         (2)  Defendants' motion is DENIED with regard to the AT&T subpoena for Mr.

19   Heman's cell phone records from April 1, 2008, through October 31, 2010.

20         (3)  Defendants' request to redact personal phone numbers is DENIED.

21         (4)  The parties are ORDERED to file a protective order pursuant to LCR 26(c) no

22   later than January 9, 2013.

23         (5)  Within seven (7) days of the court's entry of the protective order, AT&T must

24   produce responsive records subject to the court's limitations.

25

26

27

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA- 8

1    Dated this 26th day of December, 2012.

2

3

4    _____

5    The Honorable Richard A. Jones
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY CHRISTOPHER HEMAN AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE AT&T SUBPOENA- 9