HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

        Plaintiff,

v.

U.S. BANCORP, et al.,

        Defendants.

CASE NO. C11-02010 RAJ

ORDER

    This matter comes before the court on Plaintiffs Derrick and Amy Johnson's ("Plaintiffs") motion to compel and for sanctions. Dkt. # 66. Plaintiffs seek (1) an order compelling the deposition of U.S. Bank employee Christopher Heman; (2) an order compelling answers to outstanding discovery requests; and (3) sanctions against Defendants for counsel's actions at the deposition of Bride Winger. *Id.* at 1. Defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants" or "U.S. Bank") oppose the motion. Dkt. # 80. On January 31, 2013, the parties filed a stipulated motion to extend deadlines, which the court will address as well. Dkt. # 94.

ORDER- 1

This court has previously discussed the substantive and procedural background of this case. *See* Dkt. ## 58 at 3–4; 70 at 1–2. Therefore, the court will set forth only the facts relevant to Plaintiffs' current motion.

1. Deposition of Christopher Heman

In their motion to compel, Plaintiffs request that this court order Defendants to produce U.S. Bank employee Christopher Heman for a deposition. *See* Dkt. # 66 at 8. However, the stipulated motion filed by the parties on January 31, 2013, indicates that Mr. Heman's deposition is scheduled for February 5, 2013. Dkt. # 94 at 2. Additionally, the parties state that their stipulation resolves the deposition scheduling issues set forth in the motion to compel. *Id.* The court therefore declines to address Plaintiffs' motion to compel the deposition of Christopher Heman.

2. Interrogatory No. 6

Plaintiffs next argue that Defendants have "refused" to produce documents responsive to Interrogatory No. 6. Dkt. # 66 at 5. On October 25, 2012, Plaintiffs served discovery requests on Defendants. Dkt. # 67 ¶ 9. On December 5th, Plaintiffs and Defendants met and conferred regarding what Plaintiffs believed to be incomplete responses from Defendants. *Id.* Defendants agreed to supplement their discovery responses by December 10th. *Id.* On December 11th, Plaintiffs still had not received supplemental responses and emailed Defendants. Dkt. # 67-6 at 2. On December 12th Defendants informed Plaintiffs that the responsive documents were ready, but, because the documents included internal U.S. Bank documents, a protective order would need to be in place prior to disclosure. Dkt. # 82-1 at 2. Defendants told Plaintiffs that they were working on a proposed draft. *Id.* On December 18th, Defendants again informed Plaintiffs that the documents were ready to be produced, and emailed Plaintiffs a draft of the proposed protective order. Dkt. # 82-3 at 2. Defendants contend that they never got a response from Plaintiffs, and that it was not until Plaintiffs filed the instant motion that

Defendants learned that the proposed protective order was not acceptable to them. Dkt. # 80 at 10. Plaintiffs do not dispute this sequence of events in their reply. Dkt. # 87 at 4.

Plaintiffs' failure to respond to Defendants regarding the proposed protective order undercuts their motion to compel. Defendants expressly informed Plaintiffs prior to the filing of the instant motion that they were ready to produce the documents (albeit later than Plaintiffs had originally anticipated), but that they first needed to execute the protective order. Dkt. # 82-3 at 2. Nevertheless, the court ORDERS the parties to enter into a stipulated protective order within seven days of this order, pursuant to Local Civil Rule 26(c). If the parties cannot agree to the terms of a protective order, the court will enter the model protective order. Defendants are ORDERED to produce responsive documents within three days of the court's entry of a protective order.[1]

3.  Interrogatory No. 7

Plaintiffs contend that Defendants have refused to completely answer Interrogatory No. 7. Dkt. # 66 at 5–6. That interrogatory requests Defendants to identify "all information provided to any third party relating to Plaintiffs [sic] banking accounts and/or records." Dkt. # 67-7 at 18. In their initial response, Defendants objected that the question was overly broad, but stated that they were "not aware of any unauthorized disclosures relating to Plaintiffs' 'banking accounts and/or records.'" *Id.* at 19. Plaintiffs found that response insufficient, and sought a supplemental response from Defendants. *See* Dkt. # 67 ¶ 9. Defendants provided a supplemental response, stating:

> U.S. Bank is not aware of any disclosures, including but not limited to disclosures to KeyBank, relating to Plaintiffs' "banking accounts and/or records" that were not authorized by Plaintiffs or federal or state law. In particular, U.S. Bank is not aware of any disclosures, authorized or unauthorized, of Plaintiffs' "banking accounts and/or records" to KeyBank in connection with any investigation by KeyBank of Mr. Johnson. Discovery is ongoing.

---

[1] If Defendants withhold any documents based on a claim of privilege, they must provide a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A).

Dkt. # 67-7 at 19. Plaintiffs argue that this response is still insufficient. Dkt. # 66 at 5–6. They seek clarification from Defendants as to (1) whether any disclosures were made, regardless of whether Defendants believed said disclosures were authorized by state or federal law; and (2) whether there were any disclosures of information *related to* the banking records, and not just the records themselves. Dkt. # 66 at 6. Plaintiffs assert that "a clear answer . . . that simply states, 'there have been no disclosures of bank account information to third parties that Mr. Johnson is not aware of or consented to' would be sufficient." Dkt. # 87 at 4.

The court finds that, as written, Interrogatory No. 7 is overly broad. However, Plaintiffs subsequently clarified that they were not seeking information relating to routine bank account transactions. Dkt. # 87 at 4. This clarification properly narrows the scope of the discovery sought. Although Defendants may believe that their response to Interrogatory No. 7 does in fact directly answer Plaintiffs' question, the court would like to ensure that no confusion remains. Therefore, Plaintiffs' motion to compel an answer to Interrogatory No. 7 is GRANTED. Defendants are ORDERED to submit a supplemental response to Interrogatory No. 7. The response must answer the interrogatory as written, though excluding disclosures relating to routine transactions.[2]

4. Deposition of Bridie Winger

The deposition of Bridie Winger, a U.S. Bank employee, took place on December 18, 2012.[3] Dkt. # 67-10 at 2 (Winger Depo.). Several times during the deposition, Ms.

---

[2] As the court understands it, Defendants' response should indicate whether U.S. Bank has disclosed information to any third parties relating to Plaintiffs' banking accounts and/or records, excluding "normal transactions associated with checking accounts." *See* Dkt. ## 67-7 at 18; 87 at 4. If there were any disclosures, Defendants must also identify the reason for the disclosure, the parties involved, the dates of the disclosure, and a detailed description of the information disclosed. Dkt. # 67-7 at 18.

[3] Plaintiffs argue that Ms. Schulman's representation of Ms. Winger is improper if the representation is based only on the representation of Ms. Winger's employer, U.S. Bank. Dkt. # 66 at 9. Plaintiffs cite *Wright v. Group Health Hospital*, 103 Wn.2d 192, 194 (1984). *Id.* In *Wright*, the court found that it was improper for a corporation to issue a blanket instruction prohibiting its employees from meeting ex parte with opposing counsel. 103 Wn.2d at 193–94.

Schulman objected to Ms. Hammack's questions and instructed Ms. Winger not to answer. *Id.* at 13–17, 24 (20:7–21:7; 21:22–22:7; 22:15; 23:9–23:16; 23:24–25; 24:2–6; 56:2–4; 56:23–25). At one point, Ms. Schulman stated that she would instruct Ms. Winger not to answer unless Ms. Hammack "provide[d] an offer of proof as to the relevance that this [question] has to do with this lawsuit." *Id.* at 14 (21:4–7). Shortly thereafter she again demanded an "offer of proof" and instructed Ms. Winger not to answer. *Id.* at 15 (22:4–7). At another point Ms. Schulman stated that she would "instruct [Ms. Winger] not to answer unless [Ms. Hammack] narrow[ed] the timeframe [of her question] and tie[d] it to this case somehow." *Id.* at 16 (23:14–16). Two questions later she instructed Ms. Winger not to answer. *Id.* (23:24–25). Later, Ms. Schulman instructed Ms. Winger not to answer a question that Ms. Schulman believed Ms. Winger had already answered "four times." *Id.* at 24 (56:3–4). Ms. Hammack continued to attempt to question Ms. Winger, and Ms. Schulman again instructed Ms. Winger not to answer. *Id.* (56:25).

a. Meet and Confer Requirement

As a preliminary matter, Defendants argue that because Plaintiffs did not attempt to meet and confer regarding this particular issue, the court should deny Plaintiffs' motion as it relates to Ms. Winger's deposition. Dkt. # 80 at 10. However, during the course of the deposition Ms. Hammack indicated more than once that she would file a motion if Ms. Schulman continued to be disruptive. Dkt. # 67-10 at 14, 25, 27 (Winger Depo. at 21:12–15; 57:6–9; 78:9–10). Ms. Hammack stated that if Ms. Schulman

---

In the penultimate paragraph of the opinion, however, the court emphasized that "[t]his opinion shall not be construed in any matter . . . so as to *require* an employee of a corporation to meet ex parte with adverse counsel. We hold only that a corporate party, or its counsel, may not *prohibit* its nonspeaking/managing agent employees from meeting with adverse counsel." *Id.* at 203 (emphasis in original). Plaintiffs have put forth no evidence that U.S. Bank prohibited Ms. Winger from speaking to Plaintiffs counsel ex parte, and Ms. Winger has in fact submitted a deposition in which she asserts that Ms. Schulman represents her in her personal capacity. Dkt. # 84 at 2.

continued to make lengthy speaking objections, she would file a motion to compel and ask the court for sanctions. *Id.* at 14 (21:12–15). Shortly thereafter, Ms. Hammack indicated that if Ms. Schulman continued to interrupt, she would contact the court. *Id.* at 15 (22:11–13). Ms. Hammack and Ms. Schulman had several heated exchanges regarding what type of questions they believed Ms. Hammack was allowed to ask at the deposition. *See, e.g.*, *id.* at 13–14, 24 (20:7–21:15; 56:2–12).

Towards the end of the deposition, Ms. Schulman indicated that she was withdrawing her instructions not to answer. *Id.* at 26 (77:18–20). However, when asked by Ms. Hammack whether she was withdrawing all of her instructions not to answer, Ms. Schulman stated that she was not. *Id.* at 27 (78:5–8). Ms. Hammack reiterated that if Ms. Schulman was not withdrawing all of her instructions not to answer, she would file a motion. *See id.* (78:9–10). Under these circumstances, the steps Ms. Hammack took were sufficient to fulfill the meet and confer requirement. *See* W.D. Wash. L. Civ. R. 37(a)(1).

    b. Deposition Conduct

Fed. R. Civ. P. 30 sets forth the rules by which depositions are to be conducted. Rule 30(c)(2) requires that objections be "stated concisely," and that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Even where an attorney believes that the questions being asked of the deponent are repetitious, harassing, or argumentative, she may not instruct the deponent not to answer. *See Brincko v. Rio Properties, Inc.*, 278 F.R.D. 576, 581–82 (D. Nevada 2011). Instead, if a party believes a deposition is being conducted in bad faith, she may terminate the deposition in order to seek a protective order. Fed. R. Civ. P. 30(d)(3).

Ms. Schulman's instructions to Ms. Winger violated Fed. R. Civ. P. 30(c)(2). It is well settled that instructing a witness not to answer a question on the basis of relevance is improper. *See, e.g., BNSF Ry. Co. v. San Joaquin Valley Ry. Co.*, Case No. 1:08-CV-

1086-AWI-SMS, 2009 WL 3872043, at *2 (E.D. Cal. Nov. 17, 2009) ("A party may object to an irrelevant line of questioning, but instructing a witness not to answer a question because it calls for inadmissible facts is sanctionable.") (citing *Boyd v. Univ. of Maryland Med. Sys.*, 173 F.R.D. 143, 144, 149 (D. Md. 1997). Ms. Schulman cites no contrary authority for the proposition that instructing the witness not to answer the question in these circumstances was appropriate.[4] *See* Dkt. # 80 at 11–12. Nor was it appropriate for Ms. Schulman to instruct Ms. Winger not to answer based on Ms. Schulman's contention that Ms. Winger had already answered the question. *See* Dkt. # 67-10 at 24 (Winger Depo. at 56:2–4). If Ms. Schulman truly believed Ms. Hammack was harassing Ms. Winger, the appropriate remedy was to seek a protective order under Fed. R. Civ. P. 30(d)(3). This she did not do.

Ms. Schulman contends that, during the deposition, she withdrew her instruction not to answer and therefore Plaintiffs' motion to compel is improper. *See* Dkt. # 80 at 12. Ms. Schulman provided this court with the page of the deposition transcript in which she withdrew her objection, yet she failed to provide the court with the next page, wherein she clarifies that she is not in fact withdrawing all of her instructions to Ms. Winger. Dkt. # 81-10 at 15 (Winger Depo. at 77:18–20) ("I'm going to withdraw the instruction not to answer that I made earlier . . . ."); Dkt. # 67-10 at 27 (Winger Depo. at 77:6–8). (confirming that she was "keeping the others that [she] instructed [Ms. Winger] not to answer on"). Even if Ms. Schulman had in fact withdrawn all of her instructions not to answer, her conduct was disruptive and burdensome, and it would have required the court reporter to go back through the entire deposition transcript to identify which questions

---

[4] Ms. Schulman argues that this court's prior order limiting the production of witness Christopher Heman's cell phone records to April 2008 to October 2010 "confirms the validity" of her relevance objection. Dkt. # 80 at 11 (citing Dkt. # 69 at 6:19–24). However, the court did not enter that order until December 27, 2012. At the time of Ms. Winger's deposition Ms. Schulman had no knowledge of the court's position on the issue. Furthermore, although Ms. Schulman's relevancy objection is permitted under Fed. R. Civ. P. 30(c)(2), instructing the witness not to answer is not.

needed to be re-asked.  The court therefore GRANTS Plaintiffs' motion for reasonable attorney's fees.  However, Plaintiffs' counsel has not provided the court with evidence as to her reasonable attorney's fees relating to this issue.  Plaintiffs are ordered to provide such evidence within seven days of this order.  Defendants may respond within seven days of Plaintiffs' filing.

5. <u>Stipulated Motion to Extend Deadlines</u>

On January 31, 2013, the parties filed a stipulated motion to extend deadlines. Dkt. # 94.  The parties request that the discovery deadline be extended to March 18, 2013, and the dispositive motion deadline be extended to April 15, 2013.  *Id.* at 2.  They also seek clarification regarding the relationship between noting dates and deadlines.  *Id.*

The parties indicate that the last deposition is scheduled for February 15, 2013.  *Id.* In the interest of resolving discovery disputes extrajudicially, the court extends the discovery deadlines, and clarifies the noting dates, as stated below.  The court has low tolerance for discovery gamesmanship.  The parties are dangerously close to the court reaching this conclusion based upon how the parties have conducted discovery up to this point.  The court expects the parties to abide by all applicable rules and extend each other professional courtesy.  Repeated misconduct will result in sanctions against counsel. Additionally, presenting the court with frivolous motions or oppositions may result in sanctions against the parties and/or counsel.  *See* W.D. Wash. L. Civ. R. 11.

## CONCLUSION

For all of the foregoing reasons, the court rules as follows:

(1) Plaintiffs' motion to compel production of documents related to Interrogatory No. 6 is GRANTED in part, following the entry of a protective order by the court.

(2) Plaintiffs' motion to compel an answer to Interrogatory No. 7 is GRANTED.

(3) Plaintiffs' motion for sanctions is GRANTED.  The court will determine the reasonableness of the amount of the attorney's fees requested in a later order.

1          (4) The stipulated motion to extend deadlines (Dkt. # 94) is GRANTED as
2  follows: All fact discovery, including the production of documents, must be completed
3  by February 25, 2013. The parties may file discovery motions no later than March 7,
4  2013, and noted for March 22, 2013, at the latest. The dispositive motions deadline will
5  be extended to April 11, 2013, and noted for no later than May 3, 2013. The clerk is
6  DIRECTED to enter an amended case schedule consistent with this order.

7          Dated this 5th day of February, 2013.

                                            _____
                                            The Honorable Richard A. Jones
                                            United States District Judge

ORDER- 9