HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

     Plaintiff,

   v.

U.S. BANCORP, et al.,

     Defendants.

CASE NO. C11-02010 RAJ

ORDER

## INTRODUCTION

  This matter comes before the court on Plaintiffs Derrick and Amy Johnson's ("Plaintiffs") motion to compel and for sanctions.  Dkt. # 112.  Defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants") oppose the motion.  Dkt. # 121.  Having considered the memoranda, exhibits, and the record herein, the court DENIES in part and GRANTS in part Plaintiffs' motion.

## BACKGROUND

  This court has previously discussed the substantive and procedural background of this case.  *See* Dkt. ## 58 at 3–4; 70 at 1–2.  To briefly summarize, this case arises from allegations that Defendants provided negative, false information about Mr. Johnson to his employer, KeyBank.  *See* Dkt. # 92 (Second Amended Complaint) ¶¶ 4.1–4.14.  At issue

1   in the instant motion is an anonymous letter (later determined to be authored by Mr.

2   Johnson's ex-wife, Rachael) that U.S. Bank received regarding Mr. Johnson.  Dkt. # 112.

3   Plaintiffs maintain that Defendants communicated the contents of the letter to KeyBank.

4   *See id.*

5          In their initial disclosures, served on Plaintiffs in April 2012, Defendants listed

6   Kandis Sells, an attorney at Dorsey & Whitney and former counsel for U.S. Bank, as a

7   potential witness with regard to the letter.[1]  Dkt. # 122-1 (Ex. A to Schulman Decl.) at 4,

8   7.  They stated that Ms. Sells "will have information as to the receipt and custody of the

9   letter Rachael Johnson wrote regarding Derrick Johnson's improper conduct."  Dkt.

10   # 122-1 at 4.  Later, in their answers to Plaintiffs' interrogatories regarding the letter,

11   Defendants stated that U.S. Bank employee Helen Creekmore "contacted U.S. Bank's

12   outside counsel, Kandis Sells of Dorsey & Whitney LLP, who picked up the original

13   letter from Ms. Creekmore the same day."  Dkt. # 122-2 (Ex. B to Schulman Decl.) at 4.

14   Defendants served this response in November 2012.  *Id.* at 6.

15          Defendants made supplemental disclosures on February 25, 2013.[2]  Dkt. # 113-10

16   (Ex. J to Hammack Decl.).   Three days later, Defendants mailed a privilege log to

17   Plaintiffs, which Plaintiffs received on March 5th.[3]  Dkt. ## 113-12 (Ex. L to Hammack

18   Decl.) at 2; 122 (Schulman Decl.) ¶ 7.  The log contained only one entry, describing the

19   

20          [1] In their motion to compel, Plaintiffs contend that they had no knowledge that Ms. Sells
would be a potential witness until February 25, 2013, when Defendants supplemented their
initial disclosures. Dkt. # 112 at 1, 4–5 & n.2.  Defendants provided a copy of their initial
disclosures in their response to Plaintiffs' motion, which demonstrates that this disclosure was in
fact made a year ago. Dkt. # 122-1 at 7.  Plaintiffs to not dispute this evidence in their reply.  *See
generally* Dkt. # 138.

23          [2] Plaintiffs state that "the Court failed to include a date by which Defendants were to
supply some of those supplemental responses and a privilege log," and, "[a]s a result, Defendants
refused to supply the supplemental responses until February 25th, 2013, the new deadlines for
discovery."  Dkt. # 112 at 2.  Defendants' conduct with regard to the supplemental disclosures
provided on that date was not improper—the court's order stated that "[f]act discovery, including
the production of documents, must be completed by February 25, 2013."  Dkt. # 95 at 9.

27          [3] Although Plaintiffs had previously accepted service via email, they withdrew their
consent to such service on February 26th. Dkt. # 122-4 (Ex. D to Schulman Decl.) at 2.

ORDER- 2

1   privileged documents as "Emails and file documents mentioning the anonymous letter re
2   Derrick Johnson," and listing the author as "Dorsey & Whitney." Dkt. # 113-11 (Ex. K
3   to Hammack Decl.) at 2.  Plaintiffs objected to the lack of detail in the privilege log, and
4   Defendants provided a more detailed, three-page log via e-mail later that day.  Dkt.
5   ## 112 at 2; 122 ¶ 9.  Plaintiffs now ask this court to review the documents identified in
6   the privilege log *in camera*, stating that "some of [the documents] appear to be directly
7   relevant and/or there appears to be an issue as to whether a privilege would apply."  Dkt.
8   # 112 at 6.

9                                              **ANALYSIS**

10          Defendants' privilege log identifies both attorney-client privilege and attorney
11   work product doctrine as the bases for withholding documents.  Dkt. # 113-14 (Ex. N. to
12   Hammack Decl.) at 2–4.  The court therefore analyzes each of these principles in turn.

13          1.   Attorney-Client Privilege

14          The attorney-client privilege is one of the oldest privileges known to the common
15   law.  *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted).  "Its
16   purpose is to encourage full and frank communication between attorneys and their clients
17   and thereby promote broader public interests in the observance of law and administration
18   of justice."  *Id.*  However, the privilege may be waived under certain circumstances, and
19   whether a privilege-holder has done so in a particular instance is a mixed question of law
20   and fact.  *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).  The
21   Ninth Circuit holds that "the focal point of privilege waiver analysis should be the
22   holder's disclosure of privileged communications to someone outside the attorney-client
23   relationship."  *Id.* at 341.

24          The communications at issue here are not privileged.  The facts to which Ms. Sells
25   may testify do not involve any confidential client communications, and thus Defendants
26   have not waived the privilege with regard to this issue.  It is therefore proper for
27   Defendants to withhold documents containing attorney-client communications, and all

1  but one of the documents that Defendants have identified as protected by the attorney-

2  client privilege appear to contain communications to or from U.S. Bank personnel.  *See*

3  Dkt. # 122-7 (Ex. G to Schulman Decl.) at 2–4 (Document Nos. 4, 20, 29, 38, 46, 47).

4  Document number 24 is listed as protected by the privilege, but no U.S. Bank employees

5  appear to be a party to that communication.  *See id.* at 3.  The court will thus perform an

6  *in camera* review of this document to determine whether it is protected and has properly

7  been withheld.[4]

8  　　　2.  <u>Attorney Work Product Doctrine</u>

9  　　　Pursuant to Fed. R. Civ. P. 26(b)(3), "a party may not discover documents and

10  tangible things that are prepared in anticipation of litigation or for trial by or for another

11  party or its representative" unless "the party shows that it has substantial need for the

12  materials to prepare its case and cannot, without undue hardship, obtain their substantial

13  equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).

14  　　　Here, Plaintiffs contend that they cannot obtain the information contained within

15  the documents they seek from any other source.  Dkt. # 112 at 9.  However, Defendants

16  identified Ms. Sells as a potential witness over a year ago, and Plaintiffs evidently

17  overlooked this disclosure.  *See* Dkt. # 122-1.  Had they noticed that Ms. Sells was listed

18  as a potential witness in April 2012, Plaintiffs may have been able to obtain the

19  information they sought through a deposition of Ms. Sells, or through a more thorough

20  questioning of Ms. Creekmore with regard to Ms. Sells's contentions.  The fact that

21  Plaintiffs made *no* attempt to obtain this information via other means undercuts its

22  showing of "undue hardship."

23  　　　However, the court is troubled by the fact that Defendants disclosed the privilege

24  log after the discovery deadline, and that the first iteration of the log contained only a

25

26  　　　[4] Defendants also list document 24 as protected by the work product doctrine.  *See* Dkt.
    # 122-7 at 3.  If the court finds that the attorney-client privilege does not apply to that document,

27  it will review whether the work product doctrine applies.

ORDER- 4

1    one-line entry.  *See* Dkt. ## 112 ¶ 7; 113-11 (Ex. K to Hammack Decl.).  The fact that

2    Defendants then apparently rushed to provide a more complete version, which it

3    submitted mere hours later, raises concerns with the court about the attention to detail

4    involved in the preparation of the log.  *See* Dkt. # 113-13 (Ex. M to Hammack Decl.).

5    While it appears to the court that Defendants have properly identified which documents

6    are subject to the work product doctrine, and the court has no evidence that current

7    counsel for Defendants have improperly withheld documents from Plaintiffs, the court

8    will, in an abundance of caution, exercise its discretion and perform an *in camera* review.

9    The court will review only those documents that appear to be directly relevant to the

10   current issue and whose descriptions leave room (however slight) to question whether

11   they properly fall under the work product doctrine.  The court will review documents 21,

12   22, 23, 27, 30, 31, and 39.  *See* Dkt. # 113-14 at 2–4.

13        3.  <u>Sanctions</u>

14        The court will reserve ruling on the motion for sanctions until after it performs its

15   *in camera* review.  However, the court notes initially that it has reviewed the e-mails

16   between counsel submitted by Defendants and is extremely displeased with the lack of

17   professionalism exhibited by Plaintiffs' counsel.  The court will further address this issue

18   in its order on sanctions.

19                              **CONCLUSION**

20        For all of the foregoing reasons, the court rules as follows:  Plaintiffs' motion to

21   compel and for sanctions is DENIED in part and GRANTED in part.  The court

22   GRANTS Plaintiffs' motion to perform an *in camera* review of documents 21, 22, 23, 24,

23   27, 30, 31, and 39.  Defendants are ORDERED to submit these documents to the court

24   within seven days of this order.  The court DENIES Plaintiffs' motion to perform an *in

25   camera* inspection of all other documents contained in the privilege log.  The court

26   reserves ruling on Plaintiffs' motion for sanctions at this time.

27

Dated this 8th day of May, 2013.

_____
The Honorable Richard A. Jones
United States District Judge