HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

    Plaintiff,

v.

U.S. BANCORP, et al.,

    Defendants.

CASE NO. C11-02010 RAJ

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

## INTRODUCTION

This matter comes before the court on Plaintiffs Derrick and Amy Johnson's ("Plaintiffs") motion to compel and for sanctions. Dkt. # 109. Nonparty KeyBank, N.A. ("KeyBank") opposes the motion. Dkt. # 117. Having considered the memoranda, exhibits, and the record herein, the court DENIES Plaintiffs' motion. Additionally, Plaintiffs' counsel, Chellie Hammack, is ordered to SHOW CAUSE why she should not be sanctioned pursuant to W.D. Wash. L. Civ. R. 11(c) for presenting this unnecessary motion to the court. The court also addresses KeyBank's motion to seal. Dkt. # 120.

## BACKGROUND & ANALYSIS

This court has previously discussed the substantive and procedural background of this case. *See* Dkt. ## 58 at 3–4; 70 at 1–2. To briefly summarize, this case arises from allegations that Plaintiff Derrick Johnson's ("Mr. Johnson") former employer,

Defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants") provided negative, false information about Mr. Johnson to his new employer, KeyBank. *See* Dkt. # 92 (Second Amended Complaint) ¶¶ 4.1–4.14. Mr. Johnson alleges that as a result of Defendants' actions, he was harassed by KeyBank personnel, and forced to resign from his employment. *Id.* ¶¶ 4.5, 4.15. KeyBank is a not a party to this action. *See* Dkt. # 92.

      1.   Response to Subpoenas

Plaintiffs filed their initial complaint in this case on December 5, 2011. *See* Dkt. # 1. In November 2012, Plaintiffs served KeyBank with a subpoena duces tecum, requesting all records relating to Johnson's employment. Dkt. # 110-5 (Ex. E to Hammack Decl.). KeyBank had initially produced 172 pages of responsive documents (KEY1–171) as part of Plaintiffs' prior case against U.S. Bank in 2011.[1] Dkt. # 118 (Reilly Decl.) ¶ 15 (Sealed).[2] Responding to Plaintiffs' subpoena in the instant case, KeyBank produced an additional 243 pages (KEY172–414) on December 6, 2012. *Id.* ¶ 18. Plaintiffs served a subsequent subpoena on December 11th, and KeyBank responded by producing 251 more pages of responsive documents (KEY415–665) on December 19th. *Id.* Although KeyBank provided documents responsive to that subpoena, it filed a motion to quash on December 20th, believing that the subpoena was overly broad. Dkt. # 62. The court denied KeyBank's motion in part, and KeyBank again supplemented their response.[3] Dkt. ## 96; 118 ¶ 20 (Sealed). On February 15, 2013, KeyBank again supplemented its disclosures with 94 pages of documents

---

[1] *Johnson et al. v. U.S. Bancorp et al.*, Case No. C10-960RSM. That case was dismissed on July 15, 2011.

[2] The court notes that it will cite to sealed documents throughout this Order, but will not reveal any information that is not available in the parties' public briefing, or any information of the type that KeyBank cites in its motion to seal, e.g., KeyBank customers, methods, or operations. *See* Dkt. # 120. The court addresses KeyBank's and Plaintiffs' motions to seal in more detail below.

[3] It appears that this supplemental response consisted of five pages (KEY666–70). *See* Dkt. # 117 at 6 (noting that next disclosure contained KEY671–764).

(KEY671–764), which it contends it had learned of late the night before. Dkt. ## 118 ¶ 23 (Sealed); 118-4 (Ex. L to Reilly Decl.) at 3 (Ritchie Dep. 4:8–24) (Sealed). KeyBank has provided a "Certification of Complete Document Production" consisting of six sworn declarations from various KeyBank personnel, indicating that all responsive documents have been produced. Dkt. # 118-1 (Ex. A to Reilly Decl.) at 2–15 (Sealed).

Plaintiffs contend that KeyBank willfully withheld records. Dkt. # 109 at 2. They maintain until the February 15th disclosure, they were unaware that KeyBank employee Mathew Hartshorn had filed an anonymous complaint against Mr. Johnson in July 2010. Dkt. # 109 at 4. Plaintiffs state that the late disclosure of this information has prejudiced them. Dkt. # 109 at 3. They state that they are "considering" deposing Mr. Hartshorn, and seek leave from this court to do so. *Id.* at 3. Moreover, they assert that KeyBank should bear the cost of this deposition. *Id.* at 12.

The court finds no evidence of a willful failure to disclose on the part of KeyBank. KeyBank asserts that they have provided documents to Plaintiffs on a rolling basis as they have become available, and the evidence submitted supports this contention. KeyBank has produced over 700 pages of documents, and has submitted six sworn declarations from relevant KeyBank personnel stating that all responsive documents have been provided. *See* Dkt. # 118-1 (Ex. A to Reilly Decl.) at 3–15 (Sealed). Other than speculation and surmise, Plaintiffs have not demonstrated that KeyBank willfully failed to disclose documents, and thus the court DENIES their motion for sanctions.

Nor have Plaintiffs demonstrated prejudice stemming from the late-disclosed information. Plaintiffs were already aware of Mr. Hartshorn, knew that he had expressed concerns with Mr. Johnson's handling of a particular account, knew that he lived with a former KeyBank employee who had left and gone to U.S. Bank, knew that Mr. Hartshorn had met some U.S. Bank employees at a party, and that those employees mentioned Mr. Johnson. *See* Dkt. # 133 at 4 (citing Dkt. # 137-2 (Ex. M to Hammack Decl.) at 49–53 (Sealed)). Thus, the only fact that they did not know was that Mr. Hartshorn had filed a

formal complaint regarding Mr. Johnson. Dkt. # 133 at 5. Yet Plaintiffs have failed to demonstrate how that particular fact makes deposing Mr. Hartshorn more important now than it was previously. In fact, Plaintiffs concede that they are only "considering" deposing Mr. Hartshorn, thus indicating that even they question his relevance to this case. *See* Dkt. # 109 at 3. The court therefore DENIES Plaintiffs' request for leave to depose Mr. Hartshorn.

      2.  <u>Deposition Conduct</u>

Next, Plaintiffs move for sanctions with regard to deposition conduct. Dkt. # 109 at 7, 11.[4] Plaintiffs accuse KeyBank's counsel, Michael Reilly, of being "inappropriate," "rude," "disrespectful," "bullying," and "hostile" during the depositions. *Id.* at 11. However, Plaintiffs repeatedly mischaracterize Mr. Reilly's conduct. For example, they contend that Mr. Reilly "attempted to force Plaintiffs [sic] counsel to provide the witness with documents when asking questions." *Id.* at 8. Yet in the portion of the transcript to which Plaintiffs cite, the only statements by Mr. Reilly are, "Are you going to let [the deponent] see the document or are you just going to ask her?" and, "I just want to know because the witness has indicated she can help if she sees the document." Dkt. # 110-3 (Ex. C to Hammack Decl.) at 13–14 (Flora Dep. 57:25–58:8). Moreover, Plaintiffs provide no evidence that Mr. Reilly's allegedly inappropriate behavior improperly "impede[d], delay[ed], or frustrate[d] the fair examination of the deponent[s]." *See* Fed. R. Civ. P. 30(d)(2). In fact, Plaintiffs state that each of the three depositions at issue were completed in well under the seven hours permitted by Fed. R. Civ. P. 30(d)(1). Dkt. # 109 at 10.

Plaintiffs next allege that Mr. Reilly violated Fed. R. Civ. P. 30 by instructing witness Ella Flora not to answer a particular question. *See* Dkt. # 109 at 8, 11. However, the question to which Mr. Reilly objected to related to the employment records of Denise

---

[4] Plaintiffs have provided only excerpts from the depositions, whereas KeyBank has provided them in their entirety. The court has reviewed each deposition transcript in its entirety.

Longo, who was represented by counsel. Dkt. # 110-3 at 26 (Flora Dep. at 132:6–24). Ms. Longo's attorney had previously sent Ms. Hammack and Mr. Reilly an email stating that he objected to a subpoena duces tecum issued by U.S. Bank for Ms. Longo's employment records. Dkt. ## 110-3 at 29 (Flora Dep. at 135:1–22); 118 ¶ 36 (Sealed); 118-5 (Ex. T to Reilly Decl.) at 33–34 (Sealed). He stated that he did not believe that this information was discoverable due its highly private nature. Dkt. ## 118 ¶ 36 (Sealed); 118-5 at 33–34 (Sealed). Thus, when Ms. Hammack asked the deponent a question regarding Ms. Longo's employment, Mr. Reilly instructed her not to answer. Dkt. ## 110-3 at 29 (Flora Dep. at 135:1–22). However, contemporaneous with his objection, Mr. Reilly attempted to locate Ms. Longo's attorney (who shared office space with Ms. Hammack), e-mailed him, and attempted to contact the court pursuant to Fed. R. Civ. P. 30(d)(3). Dkt. ## 118 ¶ 37 (Sealed); 118-5 (Ex. T to Reilly Decl.) at 32–33 (Sealed). Ms. Longo's attorney was located sometime later. Mr. Reilly explained to him that:

> The line of questioning included a question pertaining to has there been any investigations about Denise Longo. . . .  So they're going to ask questions—I just want to make sure you know what your objection is or not. . . . And if you're going to withdraw it that's fine, we'll proceed. But I want it to be fair to you because you . . . wrote the long e-mail. And I was not comfortable, given your e-mail, to allow this witness to testify about all Denise Longo's employment history.

Dkt. # 110-3 at 47–48 (Flora Dep. 180:20–181:7). Once Ms. Longo's attorney clarified his position, Mr. Reilly stated, "Okay. Good. Then that solves it. Let's move. Go ahead and start asking questions." Dkt. # 110-3 at 53 (Flora Dep. at 186:9–11). Given these circumstances, the court finds that Mr. Reilly did not violate Fed. R. Civ. P. 30(c)(2).

The court similarly finds the rest of Plaintiffs' allegations regarding Mr. Reilly's deposition conduct are either insufficiently supported by the evidence or not violative of Rule 30. For instance, Plaintiffs state that Mr. Reilly made "repeated, excessive objections," which she found to be "disruptive." Dkt. # 109 at 10. However, there is nothing inherently improper about making objections during a deposition, and Plaintiffs

make no claims that these "disruptive" objections improperly impeded, frustrated, or delayed a fair examination of the deponent. *See* Fed. R. Civ. P. 30(c)(2), (d)(2). The court therefore finds that Plaintiffs have failed to establish a basis for imposing sanctions pursuant to Fed. R. Civ. P. 30(d)(2).

### 3. Order to Show Cause

This court has previously warned the parties about filing frivolous motions or oppositions. *See* Dkt. ## 95 at 8, 96 at 4. Here, Plaintiffs have filed a motion to compel, in spite of the fact that KeyBank has provided six declarations stating that they have provided all responsive documents. Plaintiffs have failed to indicate any legitimate reason to suspect the documents were not produced. Additionally, Plaintiffs have failed to demonstrate how they were prejudiced by KeyBank's late disclosure of information related to Mr. Hartshorn's complaint, conceding that they are only "considering" deposing him. With regard to the deposition conduct, Plaintiffs mischaracterize Mr. Reilly's actions, complain about proper deposition behavior (e.g., "disruptive" objections), and make no showing that Mr. Reilly's conduct impeded, delayed, or frustrated a fair examination of the deponents pursuant to Fed. R. Civ. P. 30(d)(2). Moreover, Ms. Hammack makes these allegations without addressing her own apparent unprofessional conduct during the depositions. The court has wasted valuable resources in resolving this frivolous motion, and the court's patience has been exhausted. Ms. Hammack is ordered to SHOW CAUSE why this court should not sanction her for filing this frivolous and unwarranted motion.

### 4. Motion to Seal

KeyBank has filed two declarations and accompanying exhibits under seal. Dkt. ## 118, 119. The documents comprise 288 and 77 pages, respectively. Dkt. # 118, 119. KeyBank filed a motion to seal contemporaneously with its filing of these documents. Dkt. # 120. Pursuant to W.D. Wash. L. Civ. R. ("Local Rule") 5(g), "[a] party must explore all alternatives to filing a document under seal," and any motion to seal must be

accompanied by a certification that the parties have met and conferred in an attempt to minimize the amount of material to be sealed. Local Rule 5(g)(1), (3)(A). The parties must also certify that they have explored redaction or other alternatives to sealing. Local Rule 5(g)(3)(A). KeyBank's motion does not contain this certification, and thus this court DENIES its motion to seal.

Plaintiffs have also filed 128 pages of exhibits under seal.[5] Dkt. # 137 (Sealed). Rather than filing a motion to seal with these documents, Plaintiffs seek to "incorporate" KeyBank's motion. *Id.* ¶ 2. The court denies that motion for the reasons set forth above. Moreover, the showing that Plaintiffs must make in a motion to seal differs from that of KeyBank, depending on whether they are the party seeking confidentiality. *See* Local Rule 5(g)(3). Plaintiffs must file their own motion, addressing the requisite elements of Local Rule 5(g).

The court will allow Dkt. ##118, 119, and 137 to remain sealed for now. However, the parties are ordered to meet and confer pursuant to Local Rule 5(g)(3)(A) and determine how to minimize the amount of material to be sealed. The parties may then file renewed motions to seal, and must re-file, with redactions where appropriate, the materials previously filed under seal. If the court determines that the new filings sufficiently comply with Local Rule 5(g), the court will allow Dkt. ## 118, 119, and 137 to remain sealed. The court notes that there does not appear to be a legal basis for sealing many of the documents currently designated as such, and emphasizes that the parties must address the applicable legal standard(s) in their renewed motions. *See* Local Rule 5(g)(3)(B).

---

[5] These documents were also filed ex parte, though that seems to be an error given that they are exhibits cited in Plaintiffs' reply brief. Plaintiffs are to review the CM/ECF filing procedures and contact ECF Support if necessary. *See* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, Amended 12/20/2012, *available at* http://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProceduresAmended12.20.12.pdf

**CONCLUSION**

For all of the foregoing reasons, the court rules as follows:

(1) Plaintiffs' motion to compel and for sanctions is DENIED.

(2) Ms. Hammack is ordered to SHOW CAUSE within five days of this order why this court should not impose sanctions in the amount of $500 against her for bringing this frivolous motion.

(3) KeyBank's motion to seal is DENIED. The parties are ORDERED to meet and confer as set forth above, and to re-file their motions to seal and accompanying materials within 14 days of this order. Dkt. ## 118, 119, and 137 shall remain sealed until further notice from this court.

Dated this 9th day of May, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge