HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

               Plaintiff,

   v.

U.S. BANCORP, et al.,

               Defendants.

CASE NO. C11-02010 RAJ

ORDER

On March 7, 2013, Plaintiffs Derrick and Amy Johnson ("Plaintiffs") filed a motion to compel and for sanctions regarding documents identified in a late disclosed privilege log.  Dkt. #112.  Plaintiffs' main concern related to the facts surrounding an anonymous letter that had been sent to Chris Heman at U.S. Bank. *Id.* at 3–4.  Plaintiffs explained that Heman has maintained throughout this litigation that he never received the letter, and that Defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants") have instead contended that an "an anonymous person opened the letter and provided it to Ms. Helen Creekmore who in turn gave the letter to [Kandis] Sells," U.S. Bank's former attorney. *Id.* at 3.  Plaintiffs argued that information surrounding the receipt of the letter "is important in this case as it shows who had access to the information that was later disclosed to KeyBank." *Id.*  They also stated that "Defendants appear to maintain that

ORDER- 1

they did not retain a copy of the letter but supplied it to their counsel who retained custody." *Id.* Plaintiffs stated that the privilege log submitted by Defendants identified documents relating to the chain of custody of the anonymous letter, and argued that they could not obtain the information from any other source. Thus, they requested that the court review the documents identified in the privilege log *in camera*. Dkt. # 112 at 6, 9.

In opposition to the motion, Defendants reiterated that Creekmore, a U.S. Bank Human Resources Generalist, received the letter and contacted Sells, "who picked up the original letter from Ms. Creekmore the same day and secured it in Dorsey & Whitney's files in its Seattle, Washington office." Dkt. # 121 at 4. Defendants maintained that all of the documents identified in the privilege log are protected by either attorney-client privilege or by the work product doctrine, and objected to this court performing an *in camera* review. *Id.* at 2–3. They argued that Plaintiffs have known about Sells's and Creekmore's role in the receipt of the letter since Defendants made their initial disclosures in April 2012, and thus Plaintiffs could have deposed them or submitted more searching interrogatories in order to obtain information relating to the letter. *Id.* at 11–12.

The court granted Plaintiffs' motion in part, and ordered Defendants to submit certain documents identified in the privilege log to the court by May 15, 2013. Dkt. # 178 at 5.

On May 12, 2013, Defendants submitted their motion for summary judgment. In that motion, they state:

> No one at U.S. Bank or KeyBank saw or heard of the letter because U.S. Bank and Ms. Sells took affirmative steps to shield the letter from disclosure. When U.S. Bank received the anonymous letter, it immediately handed it over to Ms. Sells. After receiving the letter, Ms. Sells placed the letter in her files at her law firm, and no one from U.S. Bank has had access to the letter since then.

Dkt. # 144 at 20.

On May 15, Defendants submitted the relevant documents to this court for *in camera* review. Pursuant to an email dated November 28, 2012, it appears that U.S.

ORDER- 2

Bank may have in fact copied the anonymous letter and kept it in Johnson's personnel file. Privilege Log ("PL") # 22.[1] Moreover, it appears that Kim Thompson, Johnson's former supervisor, may have maintained possession of this file until at least October 2010. *Id.*; *see also* Dkt. # 163 (Plaintiffs' Opposition to Defendants' Mot. for Summary Judgment) at 3 (identifying Kim Thompson as Johnson's former supervisor). Other documents identified in the privilege log also appear to allude to the fact that U.S. Bank retained a copy of the letter and kept it in Johnson's personnel file. *See* PL # 24, 30.

Additionally, it appears that Defendants may have provided a misleading answer to Plaintiffs' first set of discovery requests. In Interrogatory No. 3, Plaintiffs asked Defendants to "list all persons who viewed the letter; list all persons who had custody and/or control of the letter at any time and the dates of custody and/or control." Dkt. # 122-2 (Ex. B. to Schulman Decl. in Support of Defendants' Response to Motion to Compel) at 3. In their response, served on November 26, 2012, Defendants did not mention Kim Thompson or the fact that U.S. Bank may have copied the letter to Johnson's personnel file before providing the original to Sells. *See id.* at 4.

At this point, it is unclear to the court whether the facts alluded to in the emails were ever confirmed (i.e., whether U.S. Bank did in fact retain a copy of the letter, or whether this was an erroneous belief). However, in light of this new evidence, the court has concerns about the veracity of the statement made in Defendants' motion for summary judgment, and concerns with regard to the veracity of Defendants' answer to Plaintiffs' Interrogatory No. 3. *See* Fed. R. Civ. P. 11(b)(3); 26(e), (g).

Defendants are therefore ORDERED to provide PL ## 22, 24, and 30 to Plaintiffs so that they may evaluate this new evidence. Defendants may first propose redactions to the emails insofar as they relate to their mental impressions, conclusions, opinions, or

---

[1] The court uses the numbers for the documents in the privilege log as assigned by Plaintiffs in their motion to compel. *See* Dkt. # 113-14 (Ex. N to Hammack Decl.).

ORDER- 3

legal theories. Defendants are ORDERED to submit their proposed redactions to this court within three days of this order.

Additionally, Defendants are ORDERED to SHOW CAUSE within seven days of this order why they should not be sanctioned for providing potentially misleading statements regarding U.S. Bank's retention of the anonymous letter in their motion for summary judgment, and in their discovery responses.

Finally, current counsel for Defendants are each ORDERED to submit to this court within seven days affidavits setting forth when they first became aware that U.S. Bank potentially retained a copy of the anonymous letter in Johnson's personnel file. Defendants need not disclose any confidential attorney-client communications in response to this order.

Dated this 29th day of May, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge