HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK JOHNSON, et al.,

            Plaintiff,

   v.

U.S. BANCORP, et al.,

            Defendants.

CASE NO. C11-02010 RAJ

ORDER

On December 24, 2012, Plaintiffs Derrick and Amy Johnson ("Plaintiffs") filed a motion to compel and for sanctions, alleging that Defendants U.S. Bancorp, U.S. Bank National Association d.b.a. U.S. Bank, John Doe 1, John Doe 2, Jane Doe 1, and Jane Doe 2's ("Defendants") did not provide sufficient responses to two of Plaintiffs' interrogatories, failed to produce witness Chris Heman for a deposition, and engaged in improper conduct at the deposition of Bridie Winger. Dkt. # 66. On February 5, 2013, this court granted Plaintiffs' motion in part and found that Plaintiffs were entitled to reasonable attorney fees. Dkt. # 95. The court asked Plaintiffs' counsel to submit documentation regarding her fees, and she has done so. Dkt. ## 97, 102. Plaintiffs ask the court to award a total of $3,742.50. *See* Dkt. # 97. The court finds that this amount exceeds what is reasonable, and, for the reasons set forth below awards attorney fees in the amount of $1,578.25.

ORDER- 1

Plaintiffs contend that they are entitled to fees for the entire amount of time counsel spent preparing the motion to compel and for sanctions, arguing that the court found in their favor on "the majority of issued raised." Dkt. # 97 ¶ 3. This argument fails to account for the reasoning in the court's order. First, the court did not reach the issue of the Heman deposition, given that, while the motion to compel was pending, the parties informed the court that the deposition had been scheduled. *See* Dkt. # 95 at 2. With regard to the interrogatories, the court found that Defendants had compiled responsive documents and had informed Plaintiffs that they had done so, but were waiting to hear back from Plaintiffs regarding a proposed protective order prior to turning the documents over. *Id.* at 2–3. The court noted that "Plaintiffs' failure to respond to Defendants regarding the proposed protective order undercuts their motion to compel." *Id.* at 3. The court did order Defendants to produce the responsive documents, but only after the parties entered a protective order. *Id.* The court found no bad faith. With regard to the other interrogatory at issue, which Plaintiffs alleged Defendants "refused" to answer, the court found that "[a]lthough Defendants may believe that their response to Interrogatory No. 7 does in fact directly answer Plaintiffs' question, the court would like to ensure that no confusion remains," and thus ordered Defendants to respond. *Id.* at 4. Again, however, the court found no bad faith. The court thus did not award fees related to these issues.

The court did find that Defendants' counsel's conduct at the Winger deposition violated Fed. R. Civ. P. 30(c)(2), and found that Plaintiffs were entitled to reasonable attorney fees in this regard. *Id.* at 6–8. The court thus awards fees insofar as they relate to wasted time at the deposition, and time spent preparing that portion of the motion to compel. Plaintiffs' counsel indicates that she spent a total of 10.75 hours preparing the motion, at her hourly rate of $295. Dkt. # 97 ¶ 3. The court will therefore award fees for a third of the time she spent (3.6 hours). The court will also award fees for the time that Plaintiffs' counsel contends was wasted at the deposition (1.25 hours), and her wasted

1  preparation time (.5 hours).  The court thus awards attorney fees for 5.35 hours, at a rate
2  of $295 per hour, for a total of $1,578.25.  Counsel for Defendants is ORDERED to pay
3  these attorney fees within 30 days of this order.

      Dated this 11th day of June, 2013.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER- 3